IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JESSE W. JAMES, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> CAROLYN W. COLVIN, ) <br> Acting Commissioner of the Social ) <br> Security Administration,[1] ) <br> ) <br> Defendant. ) | Case No. CIV-12-851-W |

## REPORT AND RECOMMENDATION

Plaintiff brings this action pursuant to 42 U.S.C. §405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration denying Plaintiff's application for supplemental security income (SSI) under the Social Security Act. This matter has been referred to the undersigned magistrate judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B)-(C). The Commissioner has answered and filed the administrative record (hereinafter TR. ___). The parties have briefed their positions, and the matter is now at issue. For the reasons stated herein, it is recommended that the Commissioner's decision be **REVERSED AND REMANDED** for further administrative proceedings.

---

[1] Carolyn W. Colvin became Acting Commissioner of the Social Security Administration on February 14, 2013. Therefore, pursuant to Rule 25(d) (1) of the Federal Rules of Civil Procedure, Acting Commissioner Colvin is hereby substituted for Commissioner Michael J. Astrue as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of § 405(g) of the Social Security Act, 42 U.S.C. § 405(g).

## PROCEDURAL HISTORY

Plaintiff's application for SSI, alleging an amended disability date beginning on April 17, 2008, was denied on initial consideration and on reconsideration at the administrative level (TR. 12). An ALJ held a *de novo* hearing on November 19, 2009, and appeared with a non-attorney representative (TR. 12; 627-703). The ALJ issued an unfavorable decision on July 21, 2010, finding that Plaintiff was not disabled (TR. 12-18). The Appeals Council denied Plaintiff's request for review, (TR. 5-8), making the decision of the ALJ the final decision of the Commissioner.

## STANDARD OF REVIEW

Judicial review of the Commissioner's final decision is limited to determining whether the factual findings are supported by substantial evidence in the record as a whole and whether the correct legal standards were applied. *See Poppa v. Astrue*, 569 F.3d 1167, 1169 (10th Cir. 2009). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003) (quotation omitted). A decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it. *Branum v. Barnhart*, 385 F.3d 1268, 1270 (10th Cir. 2004). The court "meticulously examine[s] the record as a whole, including anything that may undercut or detract from the [administrative law judge's] findings in order to determine if the substantiality test has been met." *Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009) (citations omitted). While the court considers whether the ALJ followed the applicable rules of law in weighing particular types of evidence in

2

disability cases, the court does not reweigh the evidence or substitute its own judgment for that of the Commissioner. *See Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008) (quotations and citations omitted).

## THE ADMINISTRATIVE DECISION

The ALJ followed the sequential evaluation process required by agency regulations. *See Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005); 20 C.F.R. §416.920. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity after his alleged onset date (TR. 14).

At step two, the ALJ determined that Plaintiff has severe impairments consisting of chronic cervalgia with probable degenerative joint disease of the lumbar spine, generalized arthritis and chronic obstructive pulmonary disease (TR. 14). The ALJ concluded that Plaintiff's mental impairments are not severe, (TR. 14-15), a finding not challenged by the Plaintiff. At step three, the ALJ found that none of Plaintiff's impairments singly, or in combination, meets or equals any of the presumptively disabling impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (TR. 15).

The ALJ next considered Plaintiff's residual functional capacity (RFC):

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b), restricted as follows: the claimant can stoop no more than occasionally but can climb balance, kneel, crouch, and crawl frequently; the claimant must use a cane for standing or walking, but does not need to use a cane while sitting

(TR. 15).

At step four of the sequential evaluation, the ALJ found that Plaintiff is capable of doing his past relevant work as a parking attendant, a job which he last performed in September 2000, for approximately two weeks (TR. 18, 683-684).

**ISSUES PRESENTED**

Plaintiff contends that the ALJ's finding that Plaintiff's eye impairment did not impose functional limitations for a period of 12 months or more is not supported by substantial evidence. Plaintiff also challenges the ALJ's finding that Plaintiff's two-week stint as a parking lot attendant constituted past relevant work. Finally, Plaintiff contends that Plaintiff' work as a parking lot attendant should be considered sporadic work pursuant to SSA 82-62.

**ANALYSIS**

**I. The ALJ's Findings Regarding Plaintiff's Eye Impairment**

The vision in Plaintiff's right eye is severely impaired. In September 2006, Plaintiff's vision in his right eye was limited to the ability to perceive light (TR. 351). The extremely low vision in Plaintiff's right eye was attributed to chronic uveitis (TR. 310). The sight in his right eye was described as "blindness" (TR. 311) A year later, in fall of 2007, Plaintiff's visual acuity in his right eye was again described as limited to light sensitivity, and he was suffering from uveitis in the left eye as well (TR. 259-262, 256). Adhesions of the iris of the lens caused an increase in fluid in the posterior chamber of the right eye resulting in a forward bulging of the peripheral iris and elevated eye pressure (TR. 276).

On January 15, 2009, the acuity in Plaintiff's right eye was 20/hm (hand motion). He had developed a dense cataract in his right eye, and he continued to have bilateral uveitis (TR. 440-443). Plaintiff underwent cataract surgery in his right eye on February 27, 2009 (TR. 523-524). In his post-operative checkup on March 3, 2009, Plaintiff's far visual acuity in his right eye was still extremely low at 20/400 (TR. 521).

On July 17, 2009, Plaintiff's vision in his right eye had decreased because of vitreomacular traction and vitreous condensations, and Plaintiff underwent more surgery consisting of a pars plana vitrectomy (TR. 614-615). After the surgery, Plaintiff's visual acuity in his right eye was still only 20/400 (572-573).

The ALJ made two critical errors that require reversal and remand. First, the ALJ did not find that Plaintiff's loss of visual acuity in his right eye was a severe impairment at step two of the sequential evaluation (TR. 14). As the Tenth Circuit Court of Appeals has repeatedly stated, the standard for finding an impairment to be severe at step two of the sequential evaluation is a *de minimus* finding *See Grogan v. Barnhart*, 399 F.3d 1257, 1263 (10th Cir. 2005) ([A]lthough a severe impairment must 'significantly limit an individual's physical or mental ability to do basic work activities,' 20 C.F.R. § 404.1521, we have held that this is a "*de minimus*" showing at step two of the five-step process"). Second, the ALJ erred in determining that Plaintiff's extremely poor visual acuity in his right eye did not last for a period of 12 months or longer (TR. 17).

The ALJ's failure to properly assess the limitations caused by Plaintiff's extremely low vision in his right eye led to further error at step four of the sequential evaluation. First, there are no limitations included in the RFC that relate to Plaintiff's vision, (TR.

15), and the ALJ's statement that Plaintiff's corrected visual acuity was 20/25 bilaterally does not constitute substantial evidence to support the ALJ's step two decision regarding the severity of Plaintiff's virtual blindness in his right eye. Common sense dictates that having extremely low vision in one eye would necessarily impose some limitations in addition to the physical limitations described in the RFC. The Tenth Circuit Court of Appeals has held that the failure to consider loss of sight in one eye at step four of the sequential evaluation is reversible error. *See Washington v. Shalala*, 37 F.3d 1437, 1440 (10th Cir. 1994) "(We note at the outset that the ALJ failed to consider plaintiff's vision loss in conducting the step four inquiry about the ability to perform past relevant work. This failure, alone, would be grounds for reversal").

Additionally, the ALJ did not include any visual limitations in his hypothetical questions to the VE (TR. 695-699). The ALJ made his unfavorable disability decision at step four, finding that Plaintiff could do his past relevant work as parking lot attendant (TR. 18). But according to the Dictionary of Occupational Titles, a parking lot attendant is frequently required to have adequate far acuity, near acuity, field of vision, and depth perception. *See* DICOT 914.473-010 (1991). If Plaintiff has problems with depth perception which might affect his ability to park cars, the ALJ was remiss in failing to develop the record in that regard. Without such information, the ALJ's unfavorable decision must be reversed and remanded for further proceedings.

## II.    Past Relevant Work

Plaintiff contends that the job of parking lot attendant did not qualify as past relevant work because Plaintiff did not work long enough to meet the duration

requirement and did not make enough money to meet the substantial gainful activity requirement. In the alternative, Plaintiff contends that the job in question constitutes sporadic work for a brief period of time which, according to SSR 82-62 does not constitute past relevant work.

There is no evidence in the ALJ's unfavorable decision or in the record of the administrative hearing to indicate that the ALJ ever considered any of the requirements of past relevant work other than the requirement that the job must have been performed within the past fifteen years. On remand, the ALJ should consider the relevant factors and identify the evidence, if any, which supports a conclusion that the job of parking lot attendant qualifies as past relevant work.

In sum, the ALJ's finding that Plaintiff's right eye impairment did not meet the 12-month requirement is not supported by substantial medical evidence in the record. In fact, the finding is overwhelmed by evidence to the contrary. This error was compounded at step two because the ALJ concluded that Plaintiff's visual impairment did not meet the *de minimus* requirements of a severe impairment. The error was further compounded at step four when the ALJ failed to include sight limitations, including the lack of depth perception, in the RFC and in the hypothetical questions to the VE. Finally, the ALJ erred in failing to analyze all the requirements a job must meet to qualify as past relevant work. It is therefore recommended that this case be reversed and remanded to the Commissioner for further administrative proceedings.

## RECOMMENDATION

Having reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the ALJ and the pleadings and briefs of the parties, the undersigned magistrate judge finds that the decision of the Commissioner should be **REVERSED AND REMANDED** for further administrative proceedings.

## NOTICE OF RIGHT TO OBJECT

The parties are advised of their right to file specific written objections to this Report and Recommendation. *See* 28 U.S.C. §636 and Fed. R. Civ. P. 72. Any such objections should be filed with the Clerk of the District Court by **August 9, 2013**. The parties are further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

## STATUS OF REFERRAL

This Report and Recommendation terminates the referral by the District Judge in this matter.

**ENTERED** on July 26, 2013.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE